NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO OLIVER, | |
| Plaintiffs, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| PAULA DOW, individually and in her official capacity as Attorney General for the State of New Jersey, MERRILL MAIN, Ph.D. individually and in his official capacity as Clinical Director of the Special Treatment Unit, JENNIFER VELEZ, individually and in her official capacity as Commissioner of the Department of Human Services, JONATHAN POAG, individually and in his official capacity as Director of the Division of Mental Health Services, GARY M. LANIGAN, individually and in his official capacity as the Commissioner of the Department of Corrections, CHARLIE JONES, individually and in his official capacity as a member of the New Jersey Board of Parole, LOUIS ROMANO, individually and in his official capacity as a member of the New Jersey Board of Parole, and John/Jane Does 1-10, individually and in their official capacities, | Civ. No. 10-1542 (DMC) (JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs' appeal of Magistrate Judge Dickson's February 16, 2011 Opinion and Order (ECF No. 26, 27) denying Plaintiff's motion to amend the

Amended Complaint and for class certification under Federal Rule of Civil Procedure 23. Pursuant to Rule 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Plaintiffs' appeal is denied and the Court will adopt the Report and Recommendation regarding class certification as the Opinion of the Court.

## I. DISCUSSION

As the Court writes for the parties involved, it will not delve deeply into the facts. Plaintiff is confined at the Special Treatment Unit in Avenel, New Jersey pursuant to the New Jersey Sexually Violent Predator Act (the "SVPA"). Plaintiff appeals Judge Dickson's denial of his motion to amend the Amended Complaint to add the Proposed First Cause of Action and also Judge Dickson's recommendation that Plaintiff's motion to certify be denied.

Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." See L. Civ. R. 72.1(c)(1)(A). "A Judge shall consider the appeal and or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." See id. The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal. See Mohiuddin v. Sony Corp., No. 07-CV-0617 (DMC), 2008 U.S. Dist. LEXIS 7524, at *1 (D.N.J. Feb. 1, 2008).

The Court affirms Judge Dickson's denial of Plaintiff's motion to amend as that determination is not clearly erroneous. Plaintiff's Proposed First Cause of Action fails to allege what constitutionally protected interest is being denied to him and the two proposed plaintiffs and contains no facts to support an entitlement to relief. Plaintiff alleges that the "methods, means, standards, procedures and practices used by defendants to determine their dangerousness have

insufficient validity to be used as a predicate for dangerousness determinations under the SVPA." Proposed Second Am. Compl. ¶ 65.  Yet, Plaintiff does not allege what those procedures are, why they are insufficient, nor how those procedures have resulted in a deprivation of any constitutional right.  Therefore, it was entirely appropriate for Judge Dickson to find that the Proposed First Cause of Action fails to meet the pleading standards espoused in Iqbal and Twombly and that amendment would therefore be futile.  See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

As the Court affirms the decision to deny Plaintiff's Proposed Amendment it adopts Judge Dickson's recommendation to deny Plaintiff's motion to certify the action for that Count as moot.

## IV.  CONCLUSION

For the reasons stated, Plaintifs' appeal is denied and the Court adopts Judge Dickson's recommendation that Plaintiff's motion for class certification be denied as moot.

    S/Dennis M. Cavanaugh  
    Dennis M. Cavanaugh, U.S.D.J.

Date:        August 23 , 2011  
Orig.:       Clerk  
cc:         All Counsel of Record  
           Hon. Joseph A. Dickson, U.S.M.J.  
           File