NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| LORENZO OLIVER, | : | |
| | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAULA DOW, individually and in her official capacity as Attorney General for the State of New Jersey, MERRILL MAIN, Ph.D. individually and in his official capacity as Clinical Director of the Special Treatment Unit, JENNIFER VELEZ, individually and in her official capacity as Commissioner of the Department of Human Services, JONATHAN POAG, individually and in his official capacity as Director of the Division of Mental Health Services, GARY M. LANIGAN, individually and in his official capacity as the Commissioner of the Department of Corrections, CHARLIE JONES, individually and in his official capacity as a member of the New Jersey Board of Parole, LOUIS ROMANO, individually and in his official capacity as a member of the New Jersey Board of Parole, and John/Jane Does 1-10, individually and in their official capacities, | : | Civ. No. 10-1542 (DMC) (JAD) |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon the Motion of Defendants Paula T. Dow, Merrill Main, Jennifer Velez, and Jonathan Poag (the "DHS Defendants") to Consolidate this matter with

the matter known as <u>Alves v. Ferguson, et al.</u>, Civ. No. 01-789, and upon the Motion of Plaintiff Lorenzo Oliver ("Plaintiff") to Amend his Second Amended Complaint. ECF Nos. 49, 58. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion is **granted**, and it is the finding of this Court that Plaintiff's Motion is **denied**.

## I. BACKGROUND

The Motions currently before the Court require a consideration of this matter's complex procedural history. The underlying facts of this matter are well known to the parties, however, and will not be repeated here except as necessary to set forth a background for the present Motions. A full and detailed discussion of the underlying facts of this matter is set forth in the Report and Recommendations issued by the Hon. Joseph A. Dickson, U.S.M.J. on February 17, 2011 (the "Report and Recommendations"), regarding a related motion. ECF No. 26.

Plaintiff filed his initial twelve count Complaint on March 22, 2010. ECF No. 1. Seeking only to correct certain typographical errors in the Complaint, Plaintiff filed his First Amended Complaint on April 15, 2010. ECF No. 5. Plaintiff then filed a Motion to Amend the First Amended Complaint on July 30, 2010, in an effort to add a Proposed First Cause of Action against the DHS Defendants for violation of procedural and substantive due process guarantees under the Fourteenth Amendment. ECF No. 16. Plaintiff also sought to add Joseph Elchin and Matthew Harris as plaintiffs, to withdraw the original First Cause of Action (for violation of double jeopardy), to withdraw the Second, Fifth, and Sixth Causes of Action, and to certify this matter as a class action for the Proposed First Cause of Action. This Court referred the Motion to Judge Dickson on

September 7, 2010, for a Report and Recommendations.  ECF No. 21.

Judge Dickson issued an Opinion and Report and Recommendations on February 17, 2011, wherein he granted Plaintiff's motion to add the two plaintiffs and withdraw the four causes of action, but denied the motion to add the Proposed First Cause of Action and denied the motion to certify the matter as a class action.  Plaintiff filed Objections to Judge Dickson's Report and Recommendations on April 4, 2011.  ECF No. 39.  In an Opinion and Order denying Plaintiff's appeal, this Court found that Plaintiff's Proposed First Cause of Action failed to specifically identify a constitutionally protected interest, and that the Proposed First Cause of Action contained no facts to support an entitlement to relief.  ECF Nos. 46, 47.  Plaintiff initially alleged that the "methods, means, standards, procedures and practices used by defendants to determine their dangerousness have insufficient validity to be used as a predicate for dangerousness determinations under the SVPA."  The Court noted, however, that Plaintiff did not state what those procedures were, why they were insufficient, or how those procedures caused a deprivation of any constitutional right.  Accordingly, this Court adopted the Report and Recommendations of Judge Dickson, and affirmed his finding that the proposed amendment to the Complaint would be futile.

Following the Court's adoption of Judge Dickson's Report and Recommendations, further procedural complexities arose in this matter.  The DHS Defendants filed the present Motion to Consolidate on September 9, 2011, arguing that Plaintiff's treatment claims raise issues that parallel those in the consolidated Alves matter.[1]  Defendants Gary Lanigan, Charlie Jones, and Louis

---

[1] Several additional matters, including Robert McGarrey v. Ferguson, et al., Civ. No. 01-790, Richard Bagarozy v. Gwendolyn Harris, et al., Civ. No. 04-3066, Moore and Hysler v. Brown, et al., Civ. No. 05-2179, and Hasher v. Corzine, et al., Civ No. 07-1212, have already been consolidated in the Alves matter.

Romano (the "DOC" Defendants") filed a response on October 2, 2011, noting that Plaintiff expressed an intent to withdraw claims against Charlie Jones and Louis Romano. ECF No. 55. The DOC Defendants noted, however, that if those claims were not withdrawn, they would object to the Motion to Consolidate or, alternatively, would seek severance. Additionally, the DOC Defendants argued that while the pleadings did not clearly indicate whether claims arising from the Rahway STU were asserted, any such claims would prejudice all Defendants if they were consolidated with the Alves matter. Plaintiff filed Opposition to the Motion to Consolidate on October 3, 2011. ECF No. 56. The DHS Defendants filed a Reply on October 5, 2011. ECF No. 57.

During the pendency of the Motion to Consolidate, Plaintiff filed the present Motion to Amend on December 12, 2011, seeking to amend the Complaint on four grounds. First, Plaintiff notes that at the start of this action, pursuant to the New Jersey Sexually Violent Predator Act (the "SVPA"), Plaintiff was confined at the Special Treatment Unit in Avenel, New Jersey (the "Avenel STU"). According to the Proposed Second Amended Complaint ("Proposed Compl."), Plaintiff has since been transferred to the Special Treatment Unit in Rahway, New Jersey (the "Rahway STU"). Ex. A to Certification of Neal Wiesner ("Wiesner Cert."), ECF No. 58-2. Plaintiff therefore seeks amendment to include claims against the Rahway STU. Pl.'s Mot. Br. 1, ECF No. 58-5. Second, Plaintiff seeks amendment to add claims arising from events in May of 2011 during which Plaintiff suffered a medical crisis. Id. Third, Plaintiff seeks amendment to withdraw claims against former parole board defendants, and to modify the form by which such claims are brought. Id. Finally, Plaintiff again seeks to amend the Proposed First Cause of Action that was the subject of Judge Dickson's Report and Recommendations. Id.

The DHS Defendants filed a Brief in Opposition to Plaintiff's Motion on January 11, 2012.

ECF No. 61.  The DOC Defendants filed Opposition to Plaintiff's Motion on January 21, 2012.  ECF No. 62.  Plaintiff filed a Reply in support of his Motion on February 6, 2012.  ECF No. 63.

This Court initially denied the Motion to Consolidate, finding that it was premature in light of the currently pending Motion to Amend the Complaint in the present action and Hasher's Motion to Amend his Complaint in the <u>Alves</u> action.  The Court now addresses Plaintiff's Motion to Amend and the DHS Defendants' Motion to Consolidate.

## II.   STANDARD OF REVIEW

### A.   Motion to Amend

FED. R. CIV. P. 15(a)(2) states in relevant part that "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The Supreme Court has noted that while the decision of whether to grant or deny leave to amend is left to the discretion of the District Court, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (citing <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir.1997); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413-14 (3d Cir.1993)).  A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." <u>Shane</u>, 213 F.3d at 115.

B.    **Motion to Consolidate**

Pursuant to Rule 42(a), "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a). The moving party bears the burden on such a motion. In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998). "A common question of law or fact shared by all of the cases is a prerequisite for consolidation." Id. "Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." Id.

"In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'" Id. (citing Easton & Co. v. Mutual Benefit Life Insurance Co., 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)). Various courts have noted that this balance requires a consideration of:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple law suits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. (collecting cases).

III.    **DISCUSSION**

The Court begins its analysis of Plaintiff's Motion to Amend with a discussion of the Proposed First Cause of Action. Once again, Plaintiff seeks to assert a claim for violation of procedural and substantive due process guarantees under the Fourteenth Amendment. Proposed Compl. ¶¶ 79-83. In his initial determination of the matter, Judge Dickson found that Plaintiff

alleged "only conclusory statements that the mostly unidentified methods, means, standards, procedures and practices used to determine dangerousness under the SVPA have insufficient validity and are unreliable," and that Plaintiff did not allege "sufficient facts to support a facially plausible claim against any of the defendants . . . ."  Report and Recommendations 16.  Plaintiff's latest Motion seeks to remedy that concern by adding several new allegations.

Specifically, Plaintiff seeks to amend his Complaint by adding a section titled "The Civil Commitment Process."  Proposed Compl. ¶¶ 63-74.  Plaintiff alleges that some, if not all, of the initial determinations of civil commitment are made by individuals "who are biased and prejudiced against former sex offenders," and that those individuals "possess no knowledge, skills, ability or experience which render them fit to make the decisions they are charged with making . . . ."  Proposed Compl. ¶ 64.  Plaintiff goes on to discuss the flaws he sees with the clinical judgment and actuarial instruments used by Defendants to make their determinations.  Proposed Compl. ¶ 67. First, Plaintiff states that the clinical judgment used by Defendants is "substantially less accurate than a coin toss would be in predicting future dangerousness," but does not appear to indicate why this is the case.  Proposed Compl. ¶¶ 68-69.  Similarly, Plaintiff argues that the actuarial instruments used by Defendants, which "include, but are not limited to, the Static – 99, the Static 2002, the Rapid Risk Assessment for Sexual Offense Recidivism (RRASOR) and the Minnesota Sex Offender Screening Tool- Revised (MNSOST–R)," are also "substantially less accurate than a coin toss."[2]  Proposed Compl. ¶¶ 70-73.  Again, Plaintiff does not elaborate on why these instruments are inaccurate. Plaintiff concludes this section by stating that the alleged inaccuracy of Defendants' methods evinces

---

[2]According to the Proposed Complaint, actuarial instruments "use an individual's characteristics, such as age, marital status, sex of victims and number of prior offenses" to predict whether or not an individual is likely to re-offend.  Proposed Compl. ¶ 70.

an "abject indifference to the lives of others," and that the methods used are "junk science, no better than a finding of 'draptomania,' the 19th century 'mental illness' that allegedly caused slaves to flee captivity." Proposed Compl. ¶¶ 73-74.

These allegations fail to introduce any facts that might illuminate the Proposed First Cause of Action. Rather, they appear to do little more than heap further speculation upon the allegations that Judge Dickson already found to be insufficient. Plaintiff's allegations concerning the clinical and actuarial methods boil down to conclusory statements that the decisions are "less accurate than a coin toss," without any further explanation of why that is so. The allegation that Defendants are biased and lacking in skills and experience is similarly bereft of factual support. Accordingly, the Court finds that the Proposed First Cause of Action still fails to assert a claim upon which relief could be granted, and an amendment to add that cause of action would therefore be futile.

The Court next turns to the allegations concerning Plaintiff's medical crisis. In a section titled "Defendants' Neglect or Indifference to Plaintiff's Medical Needs," Plaintiff discusses the events of on or about May 13, 2011 through on or about May 15 or 16, 2011, during which he suffered strokes and serious illness. Proposed Compl. ¶ 75. Plaintiff states that during this time, he suffered "in great pain, discomfort and terror, from strokes, among other things" and "was not provided with appropriate treatment or care for more than three days . . . ." Proposed Compl. ¶ 76. Plaintiff indicates that the "malefactors" in this instance included "a medical/paramedical persons named Yvonne and Cathy as well as other medical/paramedical personnel and physician(s) whose identities are presently unknown to Plaintiff." Proposed Compl. ¶ 77. Based on these allegations, Plaintiff seeks to add two additional counts to the Complaint: an Eight Amendment deliberate indifference claim (the Tenth Cause of Action), and a common law medical malpractice and

negligence claim (the Eleventh Cause of Action).  Proposed Compl. ¶¶ 115-122.

The claims in the current Complaint relate specifically to the type and quality of treatment provided to sexually violent predators.  The claims Plaintiff now seeks to add are unrelated to his original complaint, as they do not arise out of the same transactions or occurrences upon which the original action is premised.  See, e.g., Shabazz v. First Corr. Med. Services, 2008 WL 398851, at *2 (D.Del. Feb. 11, 2008) (denying motion to add condition of confinement claims to complaint seeking recovery for deliberate indifference to medical needs).  Plaintiff would more appropriately pursue those claims in a separate lawsuit, and accordingly, the Court will not permit the addition of those claims to the present action.

Finally, with respect to the Motion to Amend, Plaintiff seeks to add claims relating to his confinement at the Rahway STU.  The procedural posture of this matter necessitates that the Court consider Plaintiff's Motion to add these claims in light of the DHS Defendants' Pending Motion to Consolidate.  The Court will therefore first determine the DHS Defendants' Motion to Consolidate this matter with the Alves matter, and then turn to the remainder of Plaintiff's Motion to Amend.

In their Motion, the DHS Defendants note that the claims in the current Complaint parallel those of the Alves action.  That is, both cases present legal and factual issues relating to alleged constitutionally defective treatment under the Fourteenth Amendment.  DHS Defs.' Mot. Br. 9, ECF No. 49-1.  Plaintiff's primary opposition to this Motion raises concerns that the claims he seeks to amend, notably the medical malpractice claim and the Rahway STU claims, would present radically different factual questions.  After a review of the parties' arguments, as well as the complaints in both this matter and the Alves matter, the Court concludes that the DHS Defendants' Motion will be granted.   Absent  consolidation,  Defendants  would  face  the  possibility  of  inconsistent

adjudications in this matter and the Alves matter. Similarly, judicial economy would be unjustifiably taxed by allowing two cases addressing parallel issues to proceed as entirely separate litigations.

While Defendants would likely be prejudiced if this matter were not consolidated with the Alves matter, Defendants would similarly be prejudiced if Plaintiff were permitted to amend his Complaint to add claims relating to a treatment facility that has no bearing on the Alves action. It thus appears to the Court that the most efficient and effective solution in this matter is to deny Plaintiff's motion to add claims related to the Rahway STU. The Court makes no statement regarding the merit of those claims, and Plaintiff of course remains free to pursue those claims in a separate action.

Finally, the Court notes that the parties have confirmed in their briefing that Plaintiff is no longer asserting claims against Defendants Louis Romano and Charlie Jones. See ECF Nos. 55, 63. Accordingly, those parties will be dismissed from this action.

### IV.   CONCLUSION

For the foregoing reasons, the DHS Defendants' Motion to Consolidate this action with the Alves action is **granted**, and Plaintiff's Motion to Amend his Complaint is **denied**.

      S/ Dennis M. Cavanaugh  
      Dennis M. Cavanaugh, U.S.D.J.

Date:   May   22  , 2012  
Orig.:   Clerk  
cc:   All Counsel of Record  
      Hon. Joseph A. Dickson, U.S.M.J.  
      File